UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUBEN TORRES-MONTES,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ ET AL.,<br><br>Respondents. | Case No. C26-2990-SKV<br><br>ORDER ON SECOND PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, Ruben Torres−Montes ("Petitioner"), a native and citizen of Mexico, is currently being held in detention at the Northwest ICE Processing Center ("NWIPC") by U.S. Immigration and Citizenship Enforcement ("ICE"). Dkt. 1, ¶ 2. Through counsel, he filed the instant Second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges the constitutionality of an immigration judge's ("IJ's") August 12, 2026, bond denial based on flight risk and danger to the community. *Id.* at 11. He seeks immediate release from custody and related relief. *Id.* at 22-23.

The Petition is verified by Petitioner's attorney. *Id.* at 24. Attached to the Petition are the Motion for Custody Redetermination Hearing before the IJ and exhibits thereto, including a Notice to Appear and Form I-213, Petitioner's sworn statement and certified translation, and

statements and other records pertaining to Petitioner's family, employment, and community ties. Dkt. 1-2. Respondents filed a return, Dkt. 6, together with the Declaration of Peter H. Clark, Special Assistant United States Attorney, which attests to the authenticity of the attached audio recording of the bond hearing, the IJ's bond memorandum, and the August 25, 2026, filing receipt for Petitioner's appeal of the bond determination. Dkt. 7. Petitioner filed a traverse in reply. Dkt. 9. Having reviewed the parties' submissions and the governing law, the Court GRANTS in part the petition, Dkt. 1, for the reasons set forth below.

## I. BACKGROUND

Petitioner's second habeas petition is currently before the Court. On July 24, 2026, this court granted Petitioner's first habeas petition, concluding that he is a member of the *Rodriguez Vazquez* Bond Denial Class. *Zamora-Cervantes v. Hernandez*, 2:26-CV-02540-TMC, 2026 WL 2137367, at *2 (W.D. Wash. July 24, 2026). As such, the Court found that he was entitled to a bond hearing under 8 U.S.C. § 1226(a) to assess flight risk and danger to the community before being held in immigration-related detention. *Id.* The Court ordered that "[w]ithin fourteen days of receiving Petitioner Ruben Torres-Montes's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a)." *Id.*

On August 12, 2026, Petitioner appeared, with counsel, at a bond re-determination hearing before an IJ, where he bore the burden of showing that he is not a flight risk or danger to the community.[1] Dkt. 7-1; Dkt. 7-2 at 1-4 (audio bond hearing and bond memorandum); *see*

---

[1] Both in the bond hearing and briefing before the court, Petitioner does not challenge the IJ's or the Respondents' assertions that Petitioner bore the burden of proof at the bond hearing. *See* Dkt. 6 at 4; Dkt. 7-1 (bond hearing audio). Although "District courts in this Circuit frequently order immigration judges considering noncitizens in removal proceedings for release on bond to require the government to demonstrate, by clear and convincing evidence, that the noncitizen poses a flight risk or danger to the community," *Roberts v. Scott*, 2:26-CV-01333-TL, 2026 WL 2071146, at *6 (W.D. Wash. July 17, 2026), there is no suggestion that such an order was entered in this matter. After reviewing the first habeas order, the IJ thus concluded on the record in the bond hearing that "from what I can tell, respondent has the burden of proof to show he is not a danger or a flight risk." Dkt. 7-1 at 2:59.

*also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (discussing burden on non-citizen); *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (same), *abrogated on other grounds by Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). Petitioner submitted a bond packet consisting of statements from Petitioner, his wife, landlord and neighbor, family members, his longtime employer, coworkers, and other community members, attesting to his ties to the community. Dkt. 1-2.

After considering the arguments of counsel and the evidence, the IJ determined that Petitioner (Respondent therein) failed to bear the burden of showing that he is not a flight risk or a danger to the community. Based on this determination, the IJ ordered Petitioner detained without bond on the basis of risk of flight and danger to the community. Dkt. 1-4 at 1 (8/12/26 Order of IJ).

Petitioner appealed the bond denial decision to the Board of Immigration Appeals ("BIA") on or around August 24, 2026. Dkt. 7-3 at 2. On September 3, 2026, the IJ issued a bond memorandum memorializing her findings. Dkt. 7-2. In addition to summarizing the factors affecting her determination, the bond memorandum describes the burden of proof placed on Petitioner at the bond hearing as requiring "clear and convincing evidence." The memorandum states in relevant part, "[t]he respondent has the burden of proof to demonstrate by clear and convincing evidence that respondent is [not] a danger and or a flight risk." *See* Dkt. 7-2 at 3 (alteration added). Petitioner's appeal remains pending as of the completion of briefing in this matter. *Id.*

## II. LEGAL STANDARDS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v.*

*Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). A petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

This Court has jurisdiction to review bond hearings for errors of law, including as to whether the IJ properly concluded someone is a flight risk or danger to the community. *Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024). The standard of review in such cases is abuse of discretion. *See id.* at 784. Under an abuse of discretion standard, the court cannot reweigh evidence, but the court must determine whether the IJ applied the correct legal standard. *Id.* at 785.

## III. DISCUSSION

Petitioner contests the legality of his detention and requests release on two bases. Petitioner first argues that his detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because his detention does not bear a "reasonable relation" to either preventing flight risk or preventing danger to the community. Dkt. 1 at 20. Petitioner next argues that his detention violates 8 U.S.C. § 1226 because he did not receive the requisite fair and individualized bond hearing and that the IJ abused discretion in denying bond. *Id*. at 13, 21.

In opposition, Respondents argue that "Petitioner is not entitled to habeas relief because he fails to establish a basis for waiving the exhaustion of administrative remedies." Dkt. 6 at 2. Respondents also argue that the IJ did not abuse discretion in denying bond because "[t]he immigration judge correctly weighed both negative and positive factors, and cited to the agency's controlling case law[.]" Dkt. 6 at 10, (citing *In re Guerra*, 24 I. & N. Dec. 37).

**A. Exhaustion of Administrative Remedies**

In cases brought under § 2241, exhaustion is a prudential, rather than jurisdictional, requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). The Court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). The party seeking waiver of exhaustion bears the burden to show one of the *Laing* factors applies. *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) (citations omitted).

The Court finds that waiver of the exhaustion requirement is appropriate here, under *Laing*, as administrative remedies are "inadequate or not efficacious" and "irreparable injury would result." *Laing*, 370 F.3d at 1000; *see also Ascencio-Zetino v. Scott*, 2:26-CV-02856-DGE, 2026 WL 2686835, at *3-4 (W.D. Wash. Sept. 14, 2026) (finding waiver of exhaustion appropriate). Recent government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d, 1297, 1307 (W.D. Wash. 2025), *aff'd*, 183 F.4th 1160 (9th Cir. 2026). Accordingly, the Court proceeds to consider the merits as to the IJ's bond determination.

**B. The IJ Abused Discretion by Applying an Improper Standard of Proof.**

As noted above, the IJ's bond determination is reviewed for abuse of discretion. *See Martinez*, 124 F.4th at 779-80. This Court may determine whether the correct legal standard was applied. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120 (9th Cir. 2014)). To determine whether a noncitizen is a danger to the community or a risk of flight, an IJ weighs any or all of nine non-exhaustive factors under *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). *Martinez*, 124

F.4th at 783. The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In re Guerra*, 24 I. & N. Dec. at 40.

Here, although the IJ took care to verify on the record that Petitioner would bear the burden at the bond hearing and to identify evidence she found relevant to the *Guerra* factors, she did not articulate in the bond hearing what standard of proof she would apply. However, in the bond memorandum issued after the fact, she referenced a "clear and convincing evidence" standard, which is incorrect. Dkt. 7-2 at 3; *see Rodriguez Diaz*, 53 F.4th at 1197 (9th Cir. 2022); *see also Cruz-Acevedo v. Scott*, 2:26-CV-01654-LK, 2026 WL 1623154, at *7 (W.D. Wash. June 5, 2026) (discussing circuit split as to burden).

Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Dkt. 6 at 1.[2] That "provision authorizes the Attorney General, in his discretion, to arrest and detain aliens 'pending a decision on whether the alien is to be removed from the United States.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." *Id.* at 1197. This Court has recently noted that "[s]ection 1226(a) is silent as to which party bears the burden of proof or by what standard at a bond hearing. The Supreme Court also has not clarified the burden." *Segura Serrano v. Scott*, 2:26-CV-01268-LK, 2026 WL 1674357, at *6 (W.D. Wash. May 26, 2026). The Ninth Circuit has interpreted Section 1226(a) as requiring a detainee to make the requisite showing by a preponderance of the evidence. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national

[2] As noted above, Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez* and as such, he must be considered detained under 8 U.S.C. § 1226(a). *Zamora-Cervantes*, 2026 WL 2137367, at *2.

security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz*, 53 F.4th at1197 (citing *In re Guerra*, 24 I. & N. at 40; *In re Barreiros*, 10 I. & N. Dec. 536, 537 (BIA 1964)).[3]

Although there is some lack of clarity as to the applicable standard of proof in a Section 1226(a) bond hearing, this Court finds no jurisprudential support for the IJ to require Petitioner to meet his burden of proof by clear and convincing evidence.[4]

> The usual standard of proof in civil litigation is preponderance of the evidence. A more demanding standard, such as clear and convincing evidence, applies only when a statute or the Constitution requires a heightened standard or in certain other rare cases, such as "when the government seeks to take unusual coercive action—action more dramatic than entering an award of money damages or other conventional relief—against an individual."

*E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025).

The IJ's application of the wrong standard of proof to weigh the *Guerra* considerations was an abuse of discretion. *See Ascencio-Zetino v. Scott*, 2:26-CV-02856-DGE, 2026 WL 2686835, at *4 (W.D. Wash. Sept. 14, 2026) (citing *Martinez*, 124 F.4th at 785 (noting that an IJ's failure to apply correct legal standard is an abuse of discretion)).

**C. Remedy**

Petitioner requests immediate release from custody, while Respondents are silent as to the appropriate remedy. *See* Dkt. 1 at 22-23. Courts in this District have, under similar facts and circumstances, found no basis for continuing to detain petitioners and ordered their immediate release. *See, e.g., Segura Serrano,*2026 WL 1674357, at *9; *Loya Medina v. Hernandez*, 2:26-

[3] This interpretation is drawn in part from *In re Barreiros*, a decision of the BIA interpreting a regulation requiring proof "to the satisfaction" of the Attorney General as requiring proof by a preponderance of the evidence. 10 I. & N. Dec. at 538. Although the immigration regulation at issue in *In re Barreiros* is not at issue here, the same language appears in the relevant implementing regulation for 8 U.S.C. § 1226(a), which requires a non citizen to demonstrate that he is not a danger or a flight risk "to the satisfaction of the officer." 8 C.F.R. § 236.1.

[4] The cases cited in the IJ's bond memorandum merely note that the non-citizen must demonstrate to the satisfaction of the IJ that he is not a flight risk or a danger to the community, without expressly discussing the degree of proof involved in the determination. *See* Dkt. 7-2, at 3 and cases cited therein.

CV-00772-GJL, 2026 WL 1260848, at *8-9 (W.D. Wash. May 7, 2026); *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release.") (internal and other citations omitted). The Court here similarly finds no basis for Petitioner's continued detention and orders his immediate release with reasonable conditions of supervision, if warranted.

Because the injury alleged on this ground is remedied by the Court's grant of immediate release and because disposition of additional constitutional claims would not materially alter the outcome of this case, the Court declines to reach Petitioner's additional arguments. *See Tran v. Blanche*, 2:26-CV-01782-GJL, 2026 WL 1998568, at *5 (W.D. Wash. July 10, 2026).

Petitioner also requests that he not be fitted with an ankle or wrist monitor and that his personal property be returned on his release. Dkt. 1 at 23-24. Petitioner provides no factual support that he bears individual risk of being fitted with a GPS monitor or having his personal belongings withheld. On the limited record, the requests are DENIED without prejudice based on the absence of relevant factual development or engagement in legal analysis. Nothing prevents Petitioner from seeking habeas relief in the future, should he deem it necessary.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part the amended habeas petition (Dkt. 1) and ORDERS that Petitioner be RELEASED from immigration detention within 24 hours with reasonable conditions of supervision. Respondents shall file a notice with the Court within 48 hours that Petitioner has been released. Petitioner's remaining requests for relief are DENIED. Finally, any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 29th day of September, 2026.

S. KATE VAUGHAN
United States Magistrate Judge